UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| MARIA RUIZ,<br><br>        Plaintiff,<br><br>    v.<br><br>NANCY A. BERRYHILL, Deputy Commissioner of Social Security for Operations,<br><br>        Defendant. | NO. C17-1437-JPD<br><br><br>ORDER |

Plaintiff Maria Ruiz appeals the final decision of the Commissioner of the Social Security Administration ("Commissioner") that denied her application for Supplemental Security Income ("SSI") under Title XVI of the Social Security Act, 42 U.S.C. §§ 1381-83f, after a hearing before an administrative law judge ("ALJ"). For the reasons set forth below, the Court REVERSES the Commissioner's decision and REMANDS this matter for further administrative proceedings.

I.     FACTS AND PROCEDURAL HISTORY

Plaintiff is a 50-year-old woman with a 10th-grade education and some vocational training, plus training as a licensed practical nurse. Administrative Record ("AR") at 51-52,

ORDER - 1

72-73. Her past work experience includes employment as a sales associate. AR at 298. Plaintiff was last gainfully employed in 2013. AR at 281.

In October 2013, Plaintiff protectively applied for SSI, alleging an onset date of December 1, 2004.[1] AR at 236-41. Plaintiff asserts that she is disabled due to depression, anxiety, post-traumatic stress disorder ("PTSD"), and a back injury. AR at 297.

The Commissioner denied Plaintiff's claim initially and on reconsideration. AR at 152-60, 168-74. Plaintiff requested a hearing, which took place on February 10, 2016. AR at 43-78. On June 1, 2016, the ALJ issued a decision finding Plaintiff not disabled and denied benefits based on her finding that Plaintiff could perform a specific job existing in significant numbers in the national economy. AR at 22-36. Plaintiff's administrative appeal of the ALJ's decision was denied by the Appeals Council, AR at 8-13, making the ALJ's ruling the "final decision" of the Commissioner as that term is defined by 42 U.S.C. § 405(g). On September 21, 2017, Plaintiff timely filed the present action challenging the Commissioner's decision. Dkt. 1, 4.

## II. JURISDICTION

Jurisdiction to review the Commissioner's decision exists pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3).

## III. STANDARD OF REVIEW

Pursuant to 42 U.S.C. § 405(g), this Court may set aside the Commissioner's denial of social security benefits when the ALJ's findings are based on legal error or not supported by substantial evidence in the record as a whole. *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 (9th Cir. 2005). "Substantial evidence" is more than a scintilla, less than a preponderance, and is

---

[1] Plaintiff subsequently amended her alleged onset date to October 14, 2013. AR at 45, 348.

ORDER - 2

such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Magallanes v. Bowen*, 881 F.2d 747, 750 (9th Cir. 1989). The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving any other ambiguities that might exist. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). While the Court is required to examine the record as a whole, it may neither reweigh the evidence nor substitute its judgment for that of the Commissioner. *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002). When the evidence is susceptible to more than one rational interpretation, it is the Commissioner's conclusion that must be upheld. *Id.*

## IV. EVALUATING DISABILITY

As the claimant, Ms. Ruiz bears the burden of proving that she is disabled within the meaning of the Social Security Act (the "Act"). *Meanel v. Apfel*, 172 F.3d 1111, 1113 (9th Cir. 1999) (internal citations omitted). The Act defines disability as the "inability to engage in any substantial gainful activity" due to a physical or mental impairment which has lasted, or is expected to last, for a continuous period of not less than twelve months. 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). A claimant is disabled under the Act only if her impairments are of such severity that she is unable to do her previous work, and cannot, considering her age, education, and work experience, engage in any other substantial gainful activity existing in the national economy. 42 U.S.C. §§ 423(d)(2)(A); *see also Tackett v. Apfel*, 180 F.3d 1094, 1098-99 (9th Cir. 1999).

The Commissioner has established a five step sequential evaluation process for determining whether a claimant is disabled within the meaning of the Act. *See* 20 C.F.R. §§ 404.1520, 416.920. The claimant bears the burden of proof during steps one through four. At step five, the burden shifts to the Commissioner. *Id.* If a claimant is found to be disabled at

ORDER - 3

any step in the sequence, the inquiry ends without the need to consider subsequent steps. Step one asks whether the claimant is presently engaged in "substantial gainful activity." 20 C.F.R. §§ 404.1520(b), 416.920(b).[2] If she is, disability benefits are denied. If she is not, the Commissioner proceeds to step two. At step two, the claimant must establish that she has one or more medically severe impairments, or combination of impairments, that limit her physical or mental ability to do basic work activities. If the claimant does not have such impairments, she is not disabled. 20 C.F.R. §§ 404.1520(c), 416.920(c). If the claimant does have a severe impairment, the Commissioner moves to step three to determine whether the impairment meets or equals any of the listed impairments described in the regulations. 20 C.F.R. §§ 404.1520(d), 416.920(d). A claimant whose impairment meets or equals one of the listings for the required twelve-month duration requirement is disabled. *Id.*

When the claimant's impairment neither meets nor equals one of the impairments listed in the regulations, the Commissioner must proceed to step four and evaluate the claimant's residual functional capacity ("RFC"). 20 C.F.R. §§ 404.1520(e), 416.920(e). Here, the Commissioner evaluates the physical and mental demands of the claimant's past relevant work to determine whether she can still perform that work. 20 C.F.R. §§ 404.1520(f), 416.920(f). If the claimant is able to perform her past relevant work, she is not disabled; if the opposite is true, then the burden shifts to the Commissioner at step five to show that the claimant can perform other work that exists in significant numbers in the national economy, taking into consideration the claimant's RFC, age, education, and work experience. 20 C.F.R. §§ 404.1520(g), 416.920(g); *Tackett*, 180 F.3d at 1099, 1100. If the Commissioner finds the

---

[2] Substantial gainful activity is work activity that is both substantial, i.e., involves significant physical and/or mental activities, and gainful, i.e., performed for profit. 20 C.F.R. § 404.1572.

claimant is unable to perform other work, then the claimant is found disabled and benefits may be awarded.

## V. DECISION BELOW

On June 1, 2016, the ALJ issued a decision finding the following:

1. The claimant has not engaged in substantial gainful activity since October 14, 2013, the alleged onset date.

2. The claimant has the following severe impairments: hemorrhoids, cervical spine disorder, depressive disorder, and PTSD.

3. The claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1.

4. The claimant has the residual functional capacity to perform light work as defined in 20 CFR 416.967(b) except she can lift and or carry 20 pounds occasionally and 10 pounds frequently; she can stand and or walk with normal breaks 6 hours in an 8-hour workday; sit with normal breaks for 6 hours in an 8-hour workday; occasionally climb ramps and stairs; never climb ladders, ropes, or scaffolds; occasionally balance, stoop, kneel, crouch, and crawl; avoid concentrated exposure to extreme cold and vibration, and hazardous machinery and heights; and perform simple repetitive tasks. She can have limited contact with the public; and she can have interaction with a limited number of coworkers of no more than 10 but no work in coordination with them.

5. The claimant has no past relevant work.

6. The claimant was born on XXXXX, 1968 and was 36 years old, which is defined as a younger individual age 18-49, on the alleged disability onset date.[3]

7. The claimant has a limited education and is able to communicate in English.

8. Transferability of job skills is not an issue because the claimant does not have past relevant work.

9. Considering the claimant's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that the claimant can perform.

---

[3] The actual date is deleted in accordance with Local Rule CR 5.2, W.D. Washington.

ORDER - 5

10. The claimant has not been under a disability, as defined in the Social Security Act, from October 14, 2013, through the date of this decision.

AR at 24-35.

## VI. ISSUE ON APPEAL

The principal issue on appeal is whether the ALJ erred in assessing various medical opinions.[4] Dkt. 10 at 1.

## VII. DISCUSSION

Plaintiff challenges the ALJ's assessment of various medical opinions, each of which the Court will address in turn.

A. <u>Legal standards</u>

As a matter of law, more weight is given to a treating physician's opinion than to that of a non-treating physician because a treating physician "is employed to cure and has a greater opportunity to know and observe the patient as an individual." *Magallanes*, 881 F.2d at 751; *see also Orn v. Astrue*, 495 F.3d 625, 631 (9th Cir. 2007). A treating physician's opinion, however, is not necessarily conclusive as to either a physical condition or the ultimate issue of disability, and can be rejected, whether or not that opinion is contradicted. *Magallanes*, 881 F.2d at 751. If an ALJ rejects the opinion of a treating or examining physician, the ALJ must give clear and convincing reasons for doing so if the opinion is not contradicted by other evidence, and specific and legitimate reasons if it is. *Reddick v. Chater*, 157 F.3d 715, 725 (9th Cir. 1988). "This can be done by setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating his interpretation thereof, and making findings." *Id.* (citing *Magallanes*, 881 F.2d at 751). The ALJ must do more than merely state his/her

---

[4] Although Plaintiff also lists a step-five challenge, her arguments in this section are wholly dependent on arguments made with regard to the medical opinion evidence, and thus need not be addressed separately. *See* Dkt. 10 at 14-15.

conclusions. "He must set forth his own interpretations and explain why they, rather than the doctors', are correct." *Id*. (citing *Embrey v. Bowen*, 849 F.2d 418, 421-22 (9th Cir. 1988)). Such conclusions must at all times be supported by substantial evidence. *Reddick*, 157 F.3d at 725.

The opinions of examining physicians are to be given more weight than non-examining physicians. *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1995). Like treating physicians, the uncontradicted opinions of examining physicians may not be rejected without clear and convincing evidence. *Id.* An ALJ may reject the controverted opinions of an examining physician only by providing specific and legitimate reasons that are supported by the record. *Bayliss,* 427 F.3d at 1216.

Opinions from non-examining medical sources are to be given less weight than treating or examining doctors. *Lester*, 81 F.3d at 831. However, an ALJ must always evaluate the opinions from such sources and may not simply ignore them. In other words, an ALJ must evaluate the opinion of a non-examining source and explain the weight given to it. Social Security Ruling ("SSR") 96-6p, 1996 WL 374180, at *2. Although an ALJ generally gives more weight to an examining doctor's opinion than to a non-examining doctor's opinion, a non-examining doctor's opinion may nonetheless constitute substantial evidence if it is consistent with other independent evidence in the record. *Thomas*, 278 F.3d at 957; *Orn*, 495 F.3d at 632-33.

In order to determine whether a claimant is disabled, an ALJ may also consider lay-witness sources, such as testimony by nurse practitioners, physicians' assistants, and counselors, as well as "non-medical" sources, such as spouses, parents, siblings, and friends. *See* 20 C.F.R. § 404.1527(f). Such testimony regarding a claimant's symptoms or how an impairment affects his/her ability to work is competent evidence, and cannot be disregarded without comment.

ORDER - 7

*Dodrill v. Shalala*, 12 F.3d 915, 918-19 (9th Cir. 1993). This is particularly true for such non-acceptable medical sources as nurses and medical assistants. *See* Social Security Ruling ("SSR") 06-03p (noting that because such persons "have increasingly assumed a greater percentage of the treatment and evaluation functions previously handled primarily by physicians and psychologists," their opinions "should be evaluated on key issues such as impairment severity and functional effects, along with the other relevant evidence in the file."). If an ALJ chooses to discount testimony of a lay witness, he must provide "reasons that are germane to each witness," and may not simply categorically discredit the testimony. *Dodrill,* 12 F.3d at 919.

B. <u>The ALJ erred in assessing the opinion of examining psychologist Margaret Dolan, Ph.D.</u>

Dr. Dolan examined Plaintiff in October 2014, and reviewed another psychological examination report from earlier in the year. AR at 585-95. She described Plaintiff's "functioning level at work" as follows:

> She could probably manage a simple job with sensitive supervision. She would need to feel physically safe. Her most difficult problem would be planning how to seek a job and executing the plan over time. She is extremely passive and has great difficulty motivating herself to act. Vocational training might improve this, or help place her. She does enjoy activity and a sense of usefulness. She worked steadily in the past before her widowhood and accident.

AR at 593. The ALJ gave "partial weight" to Dr. Dolan's opinion, crediting her opinion that Plaintiff could perform simple tasks, but rejecting Dr. Dolan's opinion that Plaintiff required "sensitive supervision" as "vague" and "provid[ing] no insight into [her] functioning." AR at 33.

Plaintiff argues that Dr. Dolan's report as a whole explains her opinion that Plaintiff required "sensitive supervision." Dkt. 10 at 4. She posits that Dr. Dolan meant that she could not work independently and would instead require special supervision. Dkt. 10 at 6.

ORDER - 8

1         The Commissioner does not respond to Plaintiff's argument, and instead offers a number of reasons why Dr. Dolan's opinion should not have been credited, most of which were not mentioned by the ALJ. Specifically, the Commissioner contends that the record did not document any problems Plaintiff had had with past supervisors or other authority figures, and that Dr. Dolan likely premised her opinion on Plaintiff's discredited subjective complaints. Dkt. 11 at 13-14. This argument does not address Plaintiff's challenge to the ALJ's stated reasoning, which was that Dr. Dolan's opinion contained a vague limitation to sensitive supervision; the Commissioner noted the ALJ's stated reasoning, but did not explain how the finding of vagueness was legitimate.

        The Court finds that Plaintiff's argument has merit. In other parts of her opinion, Dr. Dolan references Plaintiff's inability to work independently. *See, e.g.*, AR at 593 ("[Plaintiff] would not manage to function independently on a job; she might function well with support and direction"), 594 ("[Plaintiff seems to have become increasingly unable to function independently without external support and direction"]). Even if the adjective "sensitive" is vague and not vocationally relevant (see AR at 76-77), Dr. Dolan's opinion indicates a need for additional supervision, which the ALJ's RFC assessment does not mention. The need for additional supervision is not vague and does pertain to Plaintiff's functioning, and thus the ALJ's stated reason for rejecting Dr. Dolan's opinion in this regard is not legitimate. On remand, the ALJ shall reconsider the entirety of Dr. Dolan's opinion and either credit it or provide legally sufficient reasons to discount it.

C.    <u>The ALJ erred in assessing the opinion of examining psychologist David Widlan, Ph.D.</u>

        Dr. Widlan examined Plaintiff in February 2014 and completed a DSHS form opinion. AR at 505-14. Dr. Widlan opined that Plaintiff had moderate limitations in many functional areas, and marked limitations in a few functional areas. AR at 507. Most of his mental status

examination findings were within normal limits, except for noting some concentration deficits. AR at 508-09. The ALJ gave little weight to Dr. Widlan's opinion, finding it inconsistent with treatment notes showing "stable mood and anxiety with treatment." AR at 32-33.

The Commissioner cites several treatment notes as evidence that Plaintiff "consistently" had stable mood and anxiety with treatment. Dkt. 11 at 15 (citing AR at 669, 671, 674, 694, 704, 719, 731). Not all of these citations document stable mood and anxiety, however. *See, e.g.*, AR at 674 (reports of anxiety and crying spells), 694 (describing Plaintiff's grief related to her father's death), 704 (describing Plaintiff's reports of feeling sad), 719 (describing Plaintiff as still grieving, but not suicidal), 731 (describing Plaintiff as being tearful with depressed mood). It does not appear that the treatment record consistently describes Plaintiff as having a stable mood and anxiety, and therefore the ALJ's reasoning is not supported by substantial evidence. On remand, the ALJ shall reconsider Dr. Widlan's opinion and either credit it or provide legally sufficient reasons to discount it.

D.  <u>The ALJ erred in discounting the opinion of treating counselor Min Lee Booth, LMHC.</u>

Ms. Booth completed a form opinion regarding Plaintiff's application for DSHS benefits in January 2014, indicating that she could work up to 15 hours per week with "supportive employment services," but that there was "no conclusive evidence to indicate she could perform effectively in a work setting" due to her deficits in dealing with workplace stress and interacting with others. AR at 520-22.

The ALJ noted that Ms. Booth is not an acceptable medical source, and that she cited no objective evidence to support her opinion. AR at 33. The ALJ also noted that Plaintiff's work history consisted of seasonal/part-time work, and that she did not work full-time even "before her alleged symptoms." *Id.* The ALJ further mentioned that Plaintiff's mental status examinations show stable depression and anxiety with medication. *Id.*

ORDER - 10

It is true that Ms. Booth did not cite any objective evidence to support her opinion, and the ALJ generally found that mental status examinations showed that Plaintiff's symptoms were stable. Many of Ms. Booth's own treatment notes, however, describe Plaintiff's mood as depressed, anxious, or "depressed/anxious." *See, e.g.*, AR at 704, 708, 712, 715, 716, 717, 731, 738, 745, 746, 748, 757, 760, 761, 764, 773, 775, 778, 783, 787, 793, 795, 801, 802, 816, 829. It was not reasonable for the ALJ to focus on a few mental status examinations, which were performed only sporadically, rather than Ms. Booth's own treatment notes, when considering whether her opinion was supported by objective evidence and/or consistent with the record.

Furthermore, it is unclear what the ALJ inferred from Plaintiff's work history, with respect to Ms. Booth's opinion, and the Commissioner does not defend this line of reasoning. *See* Dkt. 11 at 17-18. Therefore, the Court finds that the ALJ's reasons to discount Ms. Booth's opinion are not germane.

On remand, the ALJ shall reconsider Ms. Booth's opinion and either credit it or provide legally sufficient reasons to discount it.

E. <u>The ALJ did not err in discounting opinions from treating clinician Marfe Paluga, ARNP.</u>

Ms. Paluga completed two form opinions describing Plaintiff's symptoms and workplace limitations, in January 2014 and September 2015. AR at 499-504, 686-88. In January 2014, Ms. Paluga indicated that Plaintiff was limited to working 21-30 hours per week due to social limitations, decreased tolerance to workplace stress, and significant anxiety. AR at 502-04. In September 2015, Ms. Paluga opined that Plaintiff could work only 1-10 hours per week due to her mental health issues, which limit her ability to socially interact appropriately. AR at 686-88.

The ALJ found that Ms. Paluga's opinions were inconsistent with the treatment record, which showed Plaintiff's anxiety stabilized with medication, and that her social limitations were only mild. AR at 32. The ALJ listed a number of Plaintiff's social activities, which she found to contradict Ms. Paluga's description of Plaintiff's more limiting social deficits. *Id*.

Plaintiff argues that because Ms. Paluga treated her, she was aware of her treatment record, and that none of the social activities described by the ALJ proved that she could work full-time. Dkt. 10 at 9-10. But the fact that Ms. Paluga may be aware of Plaintiff's treatment history does not necessarily indicate that her opinion is consistent with that history: Ms. Paluga herself described Plaintiff's anxiety as controlled with medication and indicated that she was stable and/or doing better overall, in 2014 and 2015. *See* AR at 669, 671-72, 654.

Furthermore, the ALJ reasonably found that Plaintiff's ability to take citizenship classes, travel internationally, participate in group activities at church, spend time with family and neighbors, and spend time with her daughter in public indicates that she is capable of more social interaction than described by Ms. Paluga. AR at 32. The ALJ provided germane reasons to discount Ms. Paluga's opinions, and the Court therefore affirms the ALJ's assessment of those opinions.

F. <u>The ALJ did not err in discounting the opinion of treating physician Chinyere Obimba, M.D.</u>

Dr. Obimba completed a form opinion in support of Plaintiff's application for DSHS benefits in October 2015. AR at 683-85. Dr. Obimba opined that Plaintiff's low back pain and hemorrhoids limited her to 11-20 hours of work per week, and that she was unable to lift at two pounds or was unable to stand/walk. *Id*.

The ALJ gave little weight to Dr. Obimba's opinion, finding that she did not cite any objective evidence or explanation for her opinion. AR at 33-34. The ALJ also found that Dr.

Obimba relied on Plaintiff's self-reported statements in rendering her opinion. *Id*. These findings are consistent with Dr. Obimba's contemporaneous treatment notes, cited by the ALJ: it appears that Plaintiff described the limitations that Dr. Obimba listed in her opinion. *See* AR at 613. The ALJ's findings regarding Plaintiff's subjective testimony were not challenged in this appeal, and under these circumstances, the ALJ was entitled to discount an opinion rendered in reliance on self-report. *See Bray v. Comm'r of Social Sec. Admin.*, 554 F.3d 1219, 1228 (9th Cir. 2009) ("As the ALJ determined that Bray's description of her limitations was not entirely credible, it is reasonable to discount a physician's prescription that was based on those less than credible statements."). Because the ALJ provided a specific, legitimate reason to discount Dr. Obimba's opinion, the Court affirms the ALJ's assessment of Dr. Obimba's opinion.

## VIII. CONCLUSION

For the foregoing reasons, the Court REVERSES the Commissioner's decision and REMANDS this case to the Commissioner for further proceedings not inconsistent with the Court's instructions.

DATED this 22nd day of June, 2018.

*James P. Donohue*
JAMES P. DONOHUE
United States Magistrate Judge